Thomas J. **BROGAN**, Plaintiff,

v.

**BOARD OF EDUCATION OF THE CITY OF CHICAGO, a body politic and corporate, Nettlehorst Local School Council, Susan Kurland, Ph.D., and Mary Pat Hartung, individually, Defendants.**

No. 01 C 4216.

United States District Court, N.D. Illinois, Eastern Division.

July 31, 2001.

---

Lisa Kane, Lisa Kane & Associates, Chicago, IL, for Plaintiff.

Marilyn F. Johnson, General Counsel, Allen Wall, Assistant General Counsel, Board of Education of the City of Chicago, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

This Court's brief July 30, 2001 memorandum opinion and order ("Opinion") rejected the motion of Chicago School Reform Board of Trustees ("Board"), one of the four defendants in this 42 U.S.C. § 1983 ("Section 1983") action, for its dismissal from the First Amended Complaint ("FAC") brought by Thomas Brogan ("Brogan"). Two deliveries to this Court's chambers later the same day—a newly-issued opinion from our Court of Appeals and another defendant's proposed motion for dismissal under Fed.R.Civ.P. ("Rule") 12(b)(6)—have occasioned the issuance of this further memorandum opinion and order.

As to the first of those new arrivals, which provides another instance of the serendipity that is encountered in the judging business with surprising frequency, the weekly package of slip opinions from our Court of Appeals included *Horwitz v. Board of Educ.*, 260 F.3d 602 (7th Cir.2001), which bears significantly on Brogan's claims against Board and the other defendants. *Horwitz* (like this case) included a Section 1983 claim by a teacher (slip op. at 22–26), and it too (like this case) sought to advance that claim under the auspices of the First Amendment (made applicable to state actors via the Fourteenth Amendment). To the extent that *Horwitz* is relevant to this case, it has repeated these teachings:

1. Slip op at 25, citing *Duda v. Board of Educ.*, 133 F.3d 1054, 1061 (7th Cir. 1998), has reconfirmed this basic proposition:

   Deciding whether a specific official has final policy making authority is a question of state law.

2. Slip op. at 25 also quoted *Duda, id.* as negating any "infer[ence] that a superintendent or principal has been delegated policymaking authority with respect to personnel decisions."

3. Slip op. at 25–26 has restated the basic proposition that no Section 1983 claim against a school board may be based on respondeat superior principles (citing for that purpose *Smith v. Chicago Sch. Reform Bd. of Trs.*, 165 F.3d 1142, 1148 (7th Cir. 1999), which was in turn based on the underpinning of the definitive *Monell* decision [1]).

All of those teachings are set out here solely for informational purposes, for none of them affects the Opinion's holding that Board must stay in this lawsuit. As Opinion, 152 F.Supp.2d at 1084 points out, for Rule 12(b)(6) purposes Brogan has adequately alleged Board's direct responsibility within the bounds of *Monell.*

Nor does the case law exemplified by *Horwitz* support the newly-tendered motion to dismiss submitted by Nettelhorst Local School Council Chairman–President

---

1. Opinion, 152 F.Supp.2d at 1083 had of course acknowledged that fundamental principle.

Mary Pat Hartung ("Hartung") (see FAC ¶ 6). When the FAC's allegations are taken as true, as they must be at this point, Hartung must be viewed as a policymaker subject to Section 1983 liability (parenthetically, a statement that is equally applicable to the other individual co-defendant, Principal Susan Kurland). Unlike the situation in *Horwitz,* what is at issue here is not a personnel decision such as the right to fire, but rather what Brogan describes in FAC ¶ 12 as "harassing and unfounded discipline" (and see also FAC ¶ 16) to which he says he was subjected in retaliation for his asserted exercise of First Amendment rights—and at this threshold stage of the case, the decisionmaking right to impose such disciplinary action may be viewed under the FAC allegations as vested in personnel at an institutional level below that of Board itself.

In that respect, something more should be added about the flawed emphasis in Hartung's Rule 12(b)(6) motion on the absence of fact pleading in the FAC—a flaw already addressed in the Opinion as to Board's similarly misdirected criticism. In this instance Hartung's motion at 5 compounds that wrongful insistence by citing as purported authority a Seventh Circuit opinion that antedated the Supreme Court's *Leatherman* teaching (see Opinion, 152 F.Supp.2d at 1083), issued at a time when our Court of Appeals was itself applying an incorrect fact-insistent standard on pleadings. Indeed, Hartung's Motion at 4 commits the more egregious error of citing and quoting from *Wright v. Illinois Dep't of Children & Family Servs.,* 40 F.3d 1492, 1500 (7th Cir.1994)—a summary judgment case, not one resolved at the pleading stage—as purported support for plaintiff's need to produce "specific, non-conclusory allegations." Responsible counsel ought to know better.

██ Hartung's motion at 3–4 also attacks the sufficiency of Brogan's FAC because it does not contain any temporal allegations, an issue that Board's Motion at 5–6 had also addressed, but from the mistaken perspective of an asserted deficiency in the FAC's factual allegations. Both defendants' contentions again betray a fundamental misunderstanding of Rule 12(b)(6) principles, which it will be remembered call for sustaining a complaint if any set of facts may be proved consistently with the allegations that will keep plaintiff in court (*Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). Timely filing of a Section 1983 action is not a jurisdictional requirement, so that the absence of time-based allegations in the FAC is not at all fatal (though it does create a bit of delay in obtaining that detailed information, which should be forthcoming under the advance disclosure requirements of Rule 26(a)). What both defense counsel have failed to think through is that the two year statute of limitations on their Illinois-based Section 1983 actions is an *affirmative defense* under Rule 8(c), rather than constituting a precondition to suit.

Finally, Hartung's counsel inveighs against the FAC's prayer for punitive damages. That too comes at the issue from the same warped belief that, as is true under Illinois state court procedure, a complaint must allege facts. Here FAC ¶ 18 asserts "reckless or careless indifference," and that is enough at this stage of the game.

In summary, Hartung's Rule 12(b)(6) motion is also denied, and she too (like Board, the denial of whose motion to dismiss has been reconfirmed here) is ordered to answer the FAC on or before August 10. Hartung's counsel will also be expected to appear at the time of the

previously scheduled 9:00 a.m. August 22 status hearing.[2]

---

2. Both Board and Hartung are represented here by members of Board's General Counsel staff. With all respect, this Court suggests the need for some in-office continuing legal education, to eliminate the need for judges or opposing counsel or both to scotch such basic errors as have been dealt with in the Opinion and here.